976 F.2d 734
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Vernon COLLINS and Rueben Shelton, Defendants-Appellants.
 Nos. 91-6302, 91-6303.
 United States Court of Appeals, Sixth Circuit.
 Sept. 14, 1992.
 
 Before KENNEDY and NATHANIEL R. JONES, Circuit Judges, and LIVELY, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Defendants, Vernon Collins and Rueben Shelton, appeal their convictions of, and sentences for, possession with intent to distribute cocaine and conspiracy to so possess. For the reasons that follow, we affirm.
 
 
 2
 * On January 10, 1991, Ivory Beck, an undercover investigator with the Memphis Police Department, was driving a "decoy vehicle" in an attempt to purchase controlled substances. Officer Beck came into contact with an individual named Aron Hardy. After a brief discussion, Hardy got into Beck's vehicle in order to take him to a location where a small amount of cocaine base could be obtained.
 
 
 3
 They proceeded to 30 East Utah, a location in Memphis, Tennessee. Upon arriving at that location and pulling into an adjacent driveway, Hardy exited the vehicle and entered a garage or shed behind the residence. Officer Beck could see into the shed and noticed that several other individuals were inside. Hardy met two individuals, later identified as Collins and Shelton, and returned to Beck's vehicle. Hardy told Beck that Collins had cocaine base, and Beck gave Hardy a marked $20 bill.
 
 
 4
 Hardy returned to the shed, and Officer Beck saw Hardy give the marked $20 bill to Collins. Collins held the bill up to the light and examined it closely. Thereafter, Hardy returned to Beck's vehicle and gave him one piece of crack cocaine. Beck then gave the "take-down" signal to other officers in the area. Hardy was arrested inside Officer Beck's vehicle.
 
 
 5
 Acting upon the signal, several officers approached the shed and began taking its occupants into custody. Collins was arrested as he exited the shed. Shelton, however, fled into an open field. Officers Otis Anderson, Lyndel Jamison, and Beck pursued him. Anderson saw Shelton, while running, make a throwing motion as if in an effort to discard something. A short time later, Beck apprehended Shelton.
 
 
 6
 Officer Anderson searched Shelton and found $1063 in his pants pocket. The money was folded together, with the exception of a $20 bill, which Officer Beck later identified as the marked $20 bill. Officer Jamison traced the route that Shelton had traveled in his effort to flee, and he found a plastic bag containing a large amount of cocaine base.
 
 
 7
 A written consent to search the shed was obtained from the owner of the premises. The owner informed the officers that "he was tired of those boys out there selling dope and gambling and drinking." J.A. at 136. One of the officers searched the shed and found a bag containing approximately nineteen pieces of cocaine base and two sets of scales.
 
 
 8
 On January 22, 1991, a federal grand jury returned a two-count indictment charging Collins and Shelton, as well as other individuals, with conspiracy to distribute and to possess with intent to distribute cocaine base, in violation of 21 U.S.C. § 846 (1988), and with possession with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) (1988). Collins and Shelton stood trial, and on July 11, 1991, the jury returned a verdict of guilty against both defendants on both counts. On September 17, 1991, the district court sentenced Shelton to 130 months of imprisonment, to be followed by four years of supervised release. Collins received a sentence of 110 months, also to be followed by four years of supervised release. Both defendants then filed the instant appeals.
 
 II
 
 9
 Both Collins and Shelton contend that the district court erred in denying their motions for judgment of acquittal, because the United States did not produce sufficient evidence to support their convictions. Collins contends further that convictions upon insufficient evidence violate the Fifth Amendment. The standard of review for claims of insufficient evidence in a criminal case is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." United States v. Ellzey, 874 F.2d 324, 328 (6th Cir.1989) (emphasis in original) (quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979)).
 
 
 10
 A reasonable jury could have found that Hardy's role in the conspiracy was to meet customers on the street and bring them back to the shed; this fundamental agreement forms the basis of the conspiracy. Once Hardy entered the shed, both Collins and Shelton actively participated in distributing cocaine base to Hardy for sale to the customer; similarly, they each clearly possessed cocaine base with intent to distribute. Hardy told Officer Beck that Collins possessed cocaine, and Shelton's possession could be inferred from his throwing motion and the cocaine that was later found in the field. In short, the United States presented sufficient evidence to support the jury's verdict.
 
 III
 
 11
 Shelton challenges the following jury instruction: "A slight role [in] or connection [to the conspiracy] may be enough" to convict a defendant. J.A. at 243. He argues that "[t]he Court did not restrict its 'slight connection' to the Defendant's alleged participation and consequently the possibility is great that the jury used that quantum of proof in determining whether there was [a] conspiracy." Shelton's Br. at 11. "We review the sufficiency of jury instructions by looking to whether the instructions, viewed in the context of the overall charge, were sufficiently clear to ensure that the jury understood the relevant legal standards for each element of the offense." United States v. Easley, 942 F.2d 405, 411 (6th Cir.1991).
 
 
 12
 Shelton takes the statement out of its context. Read in context, see J.A. at 242-44, the statement was clearly limited to proof of Shelton's participation in the conspiracy. In fact, as Shelton acknowledges, the language parallels that of United States v. Christian, 786 F.2d 203 (6th Cir.1986): " 'The connection of the defendant to the conspiracy need only be slight, if there is sufficient evidence to establish that connection beyond a reasonable doubt.' " Id. at 211 (emphasis added) (quoting United States v. Batimana, 623 F.2d 1366, 1368 (9th Cir.), cert. denied, 449 U.S. 1038 (1980)). In sum, the statement informed the jury that a defendant's participation in a conspiracy may be slight, without implying that the evidence of participation, or of the conspiracy itself, may be slight.
 
 IV
 
 13
 Shelton objects to the imposition of a sentence of 130 months' confinement. He argues that his social history and circumstance is one not contemplated by the sentencing guidelines, and that a downward departure should have been granted because he was an orphan since age six. "A sentence which is within the Guidelines, and otherwise valid ... is not appealable on the grounds that the sentencing judge failed to depart from the Guidelines on account of certain factors which the defendant feels were not considered by the Guidelines and should reduce his sentence." United States v. Draper, 888 F.2d 1100, 1105 (6th Cir.1989).
 
 
 14
 Under our standard of review, Shelton cannot appeal the failure to depart downward. Furthermore, assuming arguendo that Shelton may raise the issue, the presentence report does not support his contention that he was raised in an environment of crime.
 
 
 15
 Collins asserts in one sentence that "[t]he sentencing guidelines arbitrarily and capriciously dictate a disproportionately more severe sentence for possession of cocaine base ('crack') than that of powdered cocaine." Collins' Br. at 8. Insofar as his brief does not elaborate upon this point, we note only that one form of this argument was rejected in United States v. Levy, 904 F.2d 1026, 1032 (6th Cir.1990), cert. denied, --- U.S. ----, 111 S.Ct. 974 (1991).
 
 V
 
 16
 For the foregoing reasons, Collins's and Shelton's convictions and sentences are AFFIRMED.